IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Lorna Clow, Individually and similarly situated individuals** | § § § § § § | |
| **Plaintiffs,** | | |
| **v.** | § § | **CIVIL ACTION NO. 4:16-cv-3612** |
| **Sheraton Hotel, Driftwood Hospitality Management, L.L.C., Driftwood Hospitality Management II, LLC, and Houston North Payroll, LLC** | § § § § § § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Lorna Clow ("Ms. Clow") files this Complaint, individually and on behalf of similarly situated individuals, against Defendants Sheraton Hotel, Driftwood Hospitality Management, L.L.C., Driftwood Hospitality Management II, LLC, and Houston North Payroll, LLC (collectively as "Defendants") for violating the Fair Labor Standards Act ("FLSA"). Ms. Clow brings this action individually and on behalf of all individuals similarly situated. Should the Court not see fit to conditionally certify this matter as a collective action, Ms. Clow, as well as any other individuals similarly situated, wish to pursue their claims on an individual basis.

### JURISDICTION AND VENUE

1. This Court has jurisdiction because Ms. Clow's claims arise under federal law. More specifically, 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

2. Venue is proper because a substantial part of the acts and omissions giving rise to Ms. Clow's claims occurred in this District.

## PARTIES

3. Plaintiff Lorna Clow is an individual who resides in Houston, Texas.

4. Defendant Sheraton Hotel may be served with process by serving its registered agent CT Corporation System located at 1999 Bryan St. Suite 900, Dallas, TX 75201.

5. Defendant Driftwood Hospitality Management, L.L.C. may be served with process by serving its registered agent National Corporation Research LTD located at 800 Brazos Suite 400, Austin, TX 78701.

6. Defendant Driftwood Hospitality Management II, LLC may be served with process by serving its registered agent Corporation Service Company located at 211 E 7th Street, Suite 620, Austin, TX 78701.

7. Houston North Payroll, LLC may be served with process by serving its registered agent Corporation Service Company located at 211 E 7th Street, Suite 620, Austin, TX 78701.

## FLSA COVERAGE

8. Defendant Sheraton Hotel, Driftwood Hospitality Management, L.L.C., Driftwood Hospitality Management II, LLC, and Houston North Payroll, LLC ("collectively as Defendants") hire numerous individuals as Room Attendants and at all relevant times, have been an employer within the meaning of 29 U.S.C. §203(d).

9. Based on reasonable belief, Defendants are so interrelated and their operations so integrated, they constitute a single joint employer under the FLSA.

   a. Defendants Driftwood Hospitality, L.L.C and Driftwood Hospitality Management II, LLC does business under the name Sheraton Hotel.

   b. Sheraton Hotel allowed Defendants Driftwood Hospitality, L.L.C and Driftwood Hospitality Management II, LLC to use its name, policy, brand, and shared

       Defendants Driftwood Hospitality, L.L.C and Driftwood Hospitality Management II, LLC's profits. Ms. Clow believed she worked for Sheraton Hotel.

    c. Defendant Houston North Payroll, LLC's President, David Buddemeyer, is the Manager of Driftwood Hospitality Management II, LLC.

    d. The same people and entity involved in Driftwood Hospitality Management II, LLC are involved in Driftwood Hospitality Management, L.L.C. and North Payroll, LLC.

10. Defendants are therefore jointly responsible for compliance with the FLSA.

11. Defendants have been an enterprise within the meaning of 29 U.S.C. §203(r) at all relevant times.

12. Defendants have an annual dollar volume of business of at least $500,000.00.

13. Defendants hire numerous individuals, including Ms. Clow, as Room Attendants.

14. Defendants engaged in interstate commerce because Defendants ordered supplies across state lines, conducted business with merchants and customers across state lines, and provided hotel services to locations across the country.

15. Room Attendants engaged in interstate commerce because they work on goods or materials that have been move across state lines such as linen, cleaning supplies, and shampoo and conditioners.

## PLAINTIFF'S INDIVIDUAL & CLASS ALLEGATIONS

16. Ms. Clow worked for Defendants as a Room Attendant between on or around September 16, 2013 to September 16, 2014.

17. Defendants are in the business of providing hotel services.

3

18. Room Attendants, including Ms. Clow, (collectively as "Room Attendants") are hourly employees.

19. A Room Attendant's primary job duty is to clean the hotel rooms and to restock any amenities such as soap, shampoo, and conditioner.

20. Ms. Clow was not compensated a time and a half of her regular pay rate for hours worked in excess of forty (40) hours a week for at least one workweek.

21. Room Attendants were required to come in the morning in order to restock their cleaning cart.

22. Room Attendants restocked their cart before clocking in.

23. Based on reasonable belief, restocking the cleaning cart before clocking in was common with all Room Attendants.

24. Room Attendants who worked in excess of forty (40) hours a week were not compensated a time and a half their regular pay rate for hours worked in excess of forty (40) hours for at least one workweek.

25. Defendants' policy requires that Room Attendants clock in at the beginning of their shift and clock out at the end.

26. However, Room Attendants were required to work before clocking in and after clocking out for at least one workweek.

27. Ms. Clow was required to work before clocking in and after clocking out for at least one workweek.

28. Defendants were aware that Ms. Clow and other Room Attendants were not being compensated a time and a half of their regular pay rate for overtime because Defendants were involved in its payroll policies.

29. Defendants were aware that Ms. Clow and other Room Attendants worked off the clock.

30. Defendants classifies Room Attendants like Ms. Clow as non-exempt from overtime pay.

31. Defendants' violation of the FLSA was knowing and willful.

32. Defendants knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute.

33. Defendants' Handbook states that overtime will be compensated at a time and a half times the regular pay rate for all hours worked over forty (40) each week.

34. Room Attendants, including Ms. Clow, are subject to Defendants' policy, scheme, and compensation plan.

## WILLFUL VIOLATION

35. Ms. Clow incorporates all the allegations in the preceding paragraphs.

36. Defendants knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute because Defendants purported to know the FLSA overtime provisions in its' Handbook.

## CAUSES OF ACTION

37. Ms. Clow incorporates all the allegations in the preceding paragraphs.

38. As set forth above, Defendants violated the FLSA by failing to pay Ms. Clow and the class of Room Attendants overtime compensation. Accordingly, Ms. Clow and the class of Room Attendants are entitled to recover unpaid overtime wages.

39. Defendants further violated the FLSA by not compensating Ms. Clow and the class of Room Attendants for work performed off the clock.

40. Under the FLSA, Ms. Clow and the class of Room Attendants are also entitled to liquidated damages, reasonable attorney's fees, and costs.

## JURY TRIAL

41. Ms. Clow demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff Lorna Clow requests the following relief:

a) unpaid overtime wage;

b) an equal amount as liquidated damages;

c) reasonable attorneys' fees, costs, and expenses arising from this cause of action; and

d) any other relief this court deems appropriate and allowed by law.

Respectfully submitted,

**TRAN LAW FIRM L.L.P.**

/S/Trang Q. Tran
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Suite 104
Houston, Texas 77060
(713) 223 – 8855 Telephone
(713) 623 – 6399 Facsimile
ttran@tranlawllp.com

**ATTORNEY FOR PLAINTIFF**